

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Juanita Omoruyi, individually and on
behalf of all other similarly situated
individuals,

        **Plaintiff,**                Case No. 1:13-cv-00944

        v.                      Judge Thomas M. Durkin

                              Magistrate Judge Young B. Kim

ISGN Solutions, Inc.,

        **Defendant.**

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

AND NOW, on this _22_ day of _April_ , 2014, upon consideration of the Plaintiff's Uncontested Motion to Approve Collective Action Settlement and for Dismissal of Claims, the Court hereby grants the Motion and ORDERS as follows:

Plaintiff's Uncontested Motion to Approve Collective Action Settlement and for Dismissal of Claims came before this Court on _4-22_ , 2014. The Court has reviewed the materials submitted by the parties and has been fully advised of the parties' positions. The Court finds and orders as follows:

1.      The Court hereby grants final approval of the Settlement based upon the terms set forth in the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Settlement appears to be fair, adequate, and reasonable to Plaintiff and the Settlement Participants (as that term is defined in the Stipulation and Settlement Agreement) under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the Settlement Amount set forth in the Stipulation and Settlement Agreement.

2.     Notice of the Settlement ("Notice") was provided by First Class direct mail to the last-known address of each Opt-in.  Notice adequately described all of the relevant and necessary parts of the proposed Settlement, including the options available to each Opt-In and the benefits and consequences of each option, the request for Incentive Payments, and Nichols Kaster, LLP's request for an award of attorneys' fees and costs.

3.     The Settlement is HEREBY APPROVED in its entirety.

4.     As provided in the Stipulation and Settlement Agreement, in addition to the named plaintiff Juanita Omoruyi, the following individuals have elected to participate in the settlement: Diane St. James, Sharon  Self, Lynn Welborn, Sandra Banducci, Nancy Olsen, Madena Risenhoover, Darlyn Stafford, Paula Barron, Julia Blakeslee,  LaGuardia Brockington, Angela Caruso, Nowana Crite-Irvin, Jannette Daniels, Helen Eckholdt, Deborah Frazier, Teresa Gibbs, Tangelar Guilbaud, Robert Hignite, Vernette Holt, Tammy Knight, Ava Knox, Robert Koval, Wendy Landis, Holly Lang, Terrell Lester, Dina Maeweather, Tracey Michaels, Lynne Morytko, Cynthia Murrah, Hery Oceguera, Crystal Peyton, Kristy Reynolds, Harry Richardson, Dietra Roberts, Claudia Sellas, Bradley Skar, Krissi Smith, Donna Canales, Della Walsh, Fitzroy Wedderburn, Margo Wilson, Chris Carpentier, Nancy Lockhart, Richard Mazujian, Naida Sanchez, Jill Strumble, Enid Thompson, and Jeffrey Wakefield.  Plaintiff and each such individual are deemed to have released his/her claims to the full extent provided in the Stipulation and Settlement Agreement, his/her claims in this lawsuit are hereby dismissed with prejudice, and ISGN and Nichols Kaster will facilitate the payments owed to such individuals according to the terms and procedures of the Stipulation and Settlement Agreement.

5.     Opt-in Pauline Ruddock is hereby dismissed from this lawsuit without prejudice for the reasons set forth in Plaintiff's Unopposed Motion for Final Approval Order.

6.      Pursuant to the Stipulation and Settlement Agreement, the Court approves Incentive Payments in the amount of $2,000 each to Plaintiff Juanita Omoruyi and to Opt-In Enid Thompson.

7.      Plaintiffs' application for attorneys' fees and costs in the amount of $250,000.00 is hereby granted. Each party otherwise shall bear his, her, or its own costs.

8.      The settlement payments shall be dispersed in accordance with the Stipulation and Settlement Agreement.

9.      This Court retains exclusive jurisdiction solely for the purpose of implementation and enforcement of the terms of the Stipulation and Settlement Agreement.

10.     This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation. This Order shall not be construed or used as support for certification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, and Defendant specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have. Neither the fact of, nor any provision contained in the Stipulation and Settlement Agreement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

11.     The Court hereby directs the Clerk to enter Judgment consistent with this Order, with such judgment constituting a final judgment for purposes of Fed. R. Civ. P. 54 and 58.

BY THE COURT,

Honorable Thomas M. Durkin
United States District Judge